# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:11cv207

| | |
|---|---|
| DELORES RAMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | MEMORANDUM DECISION |
| ) | AND ORDER |
| AMERICAN AIRLINES, INC., ) | |
| AMERICAN EAGLE AIRLINES, INC., ) | |
| CHARLOTTE SKYCAP SERVICE, INC., ) | |
| and JOHN DOE, ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on a motion for summary judgment by defendants American Airlines, Inc. and American Eagle Airlines, Inc. (doc. 9.) The court held a hearing on the motion for summary judgment on October 19, 2011. The court granted defendants' motion for summary judgment in open court, and this Order is intended to memorialize the court's ruling.

I. **Background**

In this action, plaintiff alleges that she sustained injuries on December 15, 2007, while in the process of boarding an international flight from Charlotte Douglas International Airport to Santo Domingo, Dominican Republic. (*See* Am. Compl. ¶¶ 7, 7A, 7B; *see also* Aff. of R. Marrissa Goss ¶ 10.) Plaintiff alleges that she requested wheelchair assistance to board her flight. Plaintiff alleges that defendant Charlotte Skycap Service, Inc. and employee John Doe provided the wheelchair and that "while trying to sit down in the wheelchair provided, the wheelchair rolled out from underneath [her], causing her to fall on the floor."

(Am. Compl. ¶ 7.) Plaintiff specifically alleges that Charlotte Skycap Service, Inc. and employee John Doe caused and/or allowed plaintiff to lose her balance and fall, causing her to sustain injuries. (*Id.* ¶ 7B.)

On December 13, 2010, plaintiff filed this action in Mecklenburg County Superior Court, alleging negligence as her sole claim. Plaintiff seeks both compensatory and punitive damages. On April 4, 2011, plaintiff filed an amended complaint. On April 28, 2011, defendants American Airlines, Inc. and American Eagle Airlines, Inc. removed the case to this court based on federal question jurisdiction under 28 U.S.C. § 1331. Defendants stated in the removal notice that federal question jurisdiction exists because the case arises under a treaty of the United States–specifically, the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal, opened for signature May 28, 1999, S. Treaty Doc. No. 106-45, at 27 (2000), 2242 U.N.T.S. 350, commonly referred to as "the Montreal Convention." On June 21, 2011, defendants filed a motion for summary judgment. On August 22, 2011, plaintiff filed her brief in opposition to the motion. Plaintiff filed no additional supporting evidentiary documents. Defendants filed a reply brief on September 8, 2011. Furthermore, as noted, the court held a hearing on the summary judgment motion on October 19, 2011.

**II.     Standard Applicable to Motions for Summary Judgment**

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking

summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). When making the summary judgment determination, the court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997).

**III.   Discussion**

In support of the motion for summary judgment, defendants contend that this action is governed by the Montreal Convention and is, thus, time-barred under the Convention's two-year statute of limitations.[1] Plaintiff contends, in response, that the Montreal Convention does not apply. For the following reasons, the court finds that the Montreal Convention

---

[1] *See* Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal, opened for signature May 28, 1999, S. Treaty Doc. No. 104-65, at 27 (2000), 2242 U.N.T.S. 350 (commonly referred to as "the Montreal Convention").

applies to plaintiff's claims for damages and plaintiff's action is, therefore, time-barred because plaintiff did not file this action within the applicable two-year statute of limitations.

The treaty at issue in this case is commonly known as the Montreal Convention. The Montreal Convention applies generally to claims for damages arising out of injuries to airline passengers who are injured in international travel. Under the Montreal Convention, carriers are strictly liable for proven damages up to a specified amount where passengers are injured while "on board the aircraft or in the course of any of the operations of embarking or disembarking." More specifically, Article 17 of the Montreal Convention states:

> The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Montreal Convention, Art. 17, § 1. Furthermore, Article 29 of the Montreal Convention provides:

> In the carriage of passengers, . . . any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, *can only be brought subject to the conditions and such limits of liability as are set out in this Convention* . . . .

*Id*. at Art. 29 (emphasis added). Thus, where it applies, the Montreal Convention is the *exclusive* means for recovery of damages suffered in the course of international air travel and preempts all state law claims. *See El Al Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999). Furthermore, any claim for personal injuries to which the Convention applies is subject to the Convention's two-year statute of limitations. Montreal Convention, Art. 35, § 1. Specifically, the Convention states:

> The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped.

*Id.*

At the time of the alleged incident, plaintiff was traveling from Charlotte, North Carolina, to Santo Domingo, Dominican Republic. (*See* Aff. of M. Marrissa Goss ¶¶ 8, 10.) Therefore, plaintiff was engaged in international travel when she was allegedly injured. Furthermore, both the United States and the Dominican Republic are signatory countries of the Montreal Convention. *See* Montreal Convention, Art. 1. Finally, it is undisputed that plaintiff's alleged injuries were caused by an "accident" within the meaning of the Montreal Convention. *See id.* Art. 17, § 1. The only disputed issue on defendants' motion for summary judgment is whether plaintiff was in the process of "embarking" the plane when she was injured. If she was "embarking" the plane when she was injured, then plaintiff's claims are subject to the Montreal Convention's two-year statute of limitations, and her claims are time-barred. Courts have held that "[w]hether a passenger's injuries occurred 'on board the aircraft or in the course of any operations of embarking or disembarking is a question of law to be decided by the court based on the facts of each case.'" *Dosso v. British Airways, PLC*, Civ. No. AW-07-2710, 2010 WL 64922, at *4 (D. Md. Jan. 5, 2010) (quoting *Acevedo-Reinoso v. Iberia Lineas Aereas De Espana S.A.*, 449 F.3d 7, 12 (1st Cir. 2006)). Courts consider the following factors in determining whether a passenger was "in the process of embarking" a plane within the meaning of the Montreal Convention: (1) the activity of the passenger at the time of the accident; (2) the restrictions, if any, on the passengers'

5

movement; (3) the imminence of actual boarding; and (4) the physical proximity of the passengers to the gate. *See Day v. Trans World Airlines, Inc.*, 528 F.2d 31, 33-34 (2d Cir. 1975).

In support of the motion for summary judgment, defendants have submitted the affidavit of M. Marrissa Goss, a team leader in the Department of Risk Management for American Airlines, Inc. (*See* Aff. of M. Marrissa Goss, Ex. 2 to doc. 9.) Both Goss's affidavit and plaintiff's amended complaint establish that the alleged accident occurred while plaintiff was in the process of "embarking," *i.e.*, boarding her plane to the Dominican Republic.[2] That is, Goss's affidavit specifically states that

> [w]hile checking into her flight at Charlotte Douglas International Airport the Plaintiff was checked in under all the guidelines and protocols of an international passenger *and was issued a boarding pass for her final destination to Santo Domingo*, Dominican Republic. *After completing the process of checking in and checking her international baggage*, the Plaintiff allegedly sustained personal injuries *while embarking onto her flight* at the Charlotte Douglas International Airport.

(Goss Aff. ¶¶ 10, 11.) Furthermore, plaintiff alleges that she was injured while "boarding" her flight no less than eleven times in her amended complaint. (*See* Am. Compl. ¶¶ 5B, 7A, 7B, Claims Section ¶¶ 1, 1(c), 1(d), 1(e), 1(f), 1(h), 1(i).)

In her brief in response to defendants' summary judgment motion, plaintiff now argues that she was *not* in the process of embarking when she was injured. (*See* Pl.'s

---

[2] Goss further states in her affidavit that neither American Eagle, Inc. nor American Airlines, Inc. delivered the wheelchair to plaintiff, nor does either entity have any control over the provision of wheelchairs. (Goss Aff. ¶¶ 12, 13.) Goss states that, instead, defendant Charlotte Skycap Service, Inc. provides wheelchairs. (*Id.*)

Response Br. p. 4 ("Plaintiff contends she did not 'embark' the plane when a wheelchair was provided at the baggage check-in area. Plaintiff was not boarding the plane and did [sic?] go beyond the ticket counter.")) As defendants note, however, this contention clearly contradicts plaintiff's allegations in her amended complaint that she was injured while in the process of boarding her flight. Plaintiff cannot contradict the allegations of her own complaint in order to create a genuine issue of material fact and therefore avoid summary judgment. *Lucas v. Burnley*, 879 F.2d 1240, 1242-43 (4th Cir. 1989).

More significantly, however, plaintiff has produced *no* admissible evidence in response to defendants' summary judgment motion. That is, plaintiff has not even submitted an affidavit to support the contention in her response brief that she was *not* in the process of embarking when she was injured. As noted, courts consider several factors in determining whether a plaintiff was embarking, including the imminence of actual boarding and the physical proximity of the passengers to the departure gate. Furthermore, courts have generally found the existence of "embarkation" only where a passenger has already passed through the departure gate. *See Barratt v. Trinidad & Tobago (BWIA Int'l) Airways Corp.*, No. CV 88-3945, 1990 WL 127590, at *3-4 (E.D.N.Y. Aug. 28, 1990) (where the passenger had checked her luggage, had received her boarding pass, had cleared security, and was in an area reserved exclusively for ticketed passengers, she was "actively engaged in preparations to board the plane" and where the court dismissed the claim as barred by the two-year statute of limitations under the Warsaw Convention, predecessor to the Montreal Convention); *Day*, 528 F.3d at 33 (finding that the passengers were embarking where they

7

were in an area immediately adjacent to the departure gate); *cf. Dick v. Am. Airlines, Inc.*, 476 F. Supp. 2d 61, 64 (D. Mass. 2007) (where the passenger was traveling from an arrival gate to a departure gate and was injured on an airport terminal escalator when the passenger's mother, who required a wheelchair, fell backwards onto the passenger, the passenger was not "embarking" within the meaning of the Warsaw Convention; thus, the Convention did not preempt the passenger's state law negligence claim against the airline and the company that provided courtesy wheelchair service).

Plaintiff could have submitted an affidavit that attested to the above-cited factors in support of her argument that she was not embarking the plane. For instance, she could have stated in an affidavit that, although she had received her boarding pass, she still had an hour before departure and she was free to roam the airport, or that, although she had received her boarding pass, she was still physically far away from her departure gate. Factors such as these would have tended towards a finding that plaintiff was not embarking and that she was not subject to the Montreal Convention.[3] Plaintiff has, however, wholly failed to submit any such evidence. Instead, the only *admissible* summary judgment evidence before the court is the affidavit of Goss, in which Goss states that when plaintiff was injured she had already received her boarding pass and that she was "embarking onto her flight" to Santo Domingo.

---

[3] The court notes that at least one other federal district court has held that the mere fact that a passenger has requested wheelchair assistance does not mean that the passenger is under the airline's control for the purposes of finding that the passenger was in the process of "embarking." *See Pacitti v. Delta Air Lines, Inc.*, No. 04-CV-3197, 2008 WL 919634, at *6 (E.D.N.Y. Apr. 3, 2008). Of course, here, defendants contend, and plaintiff does not deny, that defendant Charlotte Skycap, Inc. was the entity that provided wheelchair service to plaintiff.

For this reason alone, defendants are entitled to summary judgment.[4]

### IV. Conclusion

For the reasons stated herein, the court finds that the Montreal Convention applies to plaintiff's injuries here and expressly preempts any state law claims brought by plaintiff. Furthermore, the two-year statute of limitations of the Montreal Convention applies. Because this action was not filed within the Montreal Convention's two-year statute of limitations, plaintiff's lawsuit is time-barred. In sum, defendants' motion for summary judgment (doc. 9) is **GRANTED** and this action is dismissed with prejudice as to all defendants.

**IT IS SO ORDERED.**

Signed: October 25, 2011

Max O. Cogburn Jr.
United States District Judge

---

[4] Defendants contend that, in any event, defendant American Airlines, Inc. must be dismissed because American Eagle Airlines, Inc. operated the flight, and American Eagle, Inc. and American Airlines, Inc. are separate corporate entities. Furthermore, defendant American Eagle Airlines, Inc. contends that, even if North Carolina's three-year statute of limitations were to apply, the action would be time-barred as to American Eagle because plaintiff did not name American Eagle in her original complaint. The court does not need to address these arguments because the two-year statute of limitations under the Montreal Convention clearly applies and dismissal is appropriate as to all defendants.